*In re* ESTATE OF JOHN A. STERLING SMITH, Deceased (Gualandri and Company, Plaintiff-Appellant, v. Florence Martin Smith, Ex'r of the Estate of John A. Sterling Smith, Deceased, Defendant-Appellee).

Third District   No. 3—89—0637

Opinion filed August 29, 1990.—Rehearing denied September 25, 1990.

Cusack & Fleming, P.C., of Peoria (Michael A. Fleming, of counsel), for appellant.

Baymiller, Christison & Radley, of Peoria (Carroll Baymiller, of counsel), for appellee.

JUSTICE GORMAN delivered the opinion of the court:

The plaintiff, Gualandri & Company (claimant), recovered a judgment on its claim against the defendant, the estate of John A. Sterling Smith (estate), after a jury rendered a verdict in the claimant's favor. Subsequent to the entry of the judgment, the claimant filed a written motion seeking an award of attorney fees and other expenses of the lawsuit. After a hearing the circuit court denied the claimant's motion. The claimant appeals from the denial of its motion. We vacate and remand.

No transcript of the hearing on the motion was included in the record on appeal. The written order of the circuit court denying the motion stated that the exercise of the circuit court's discretion to award fees or expenses was not warranted under the facts and circumstances of the case, but the order did not state any basis for this determination. The order noted that the circuit court considered the motion and fee affidavit filed by the claimant, as well as the arguments of counsel, but it was silent as to whether the parties were given any opportunity to introduce evidence at the hearing.

The issue presented is whether the circuit court erred or abused its discretion in failing to award sanctions under Supreme Court Rule 219(b) (107 Ill. 2d R. 219(b)) or section 2—611 of the Civil Practice Law (Ill. Rev. Stat. 1987, ch. 110, par. 2—611).

Supreme Court Rule 219(b) states as follows:

"If a party, after being served with a request to admit the genuineness of any documents or the truth of any matters of fact, serves a sworn denial thereof, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter of fact, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making the proof, including reasonable attorney's fees. *Unless the court finds that there were good reasons for the denial or that the admissions sought were of no substantial importance, the order shall be made.*" (Emphasis added.) (107 Ill. 2d R. 219(b).)

The record reflects that the claimant served the estate with a request to admit the genuineness of certain documents and the truth of cer-

tain matters of fact. The record as we permit it to be supplemented by the claimant also reflects that the executor of the estate in a sworn statement denied some of those matters of fact. The denied matters of fact were subsequently proven at trial. While this in itself does not necessitate that reasonable expenses in making the proof be awarded (see, *e.g., Chem-Pac, Inc. v. Simborg* (1986), 145 Ill. App. 3d 520, 495 N.E.2d 1124), Supreme Court Rule 219(b) makes it clear that if the circuit court decides not to make such an award it must find that there were good reasons for the denials or that the admissions sought were of no substantial importance. Furthermore, in order to assist the review of its decision under Supreme Court Rule 219(b), the circuit court must make specific findings rather than just recite the language of the rule and must see that these specific findings are made part of the record. In other words, the circuit court must find what the good reasons were, if any, for the denials, or why the admissions sought were of no substantial importance. In this case no findings were made that met these requirements.

Section 2—611 of the Civil Practice Law (Ill. Rev. Stat. 1987, ch. 110, par. 2—611) states in relevant part:

"Every pleading, motion and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. \*\*\* The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. \*\*\* If a pleading, motion, or other paper is signed in violation of this Section, the court, upon motion or upon its own initiative, *shall* impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney's fee." (Emphasis added.)

The Illinois Supreme Court has promulgated Supreme Court Rule 137 (134 Ill. 2d R. 137), effective August 1, 1989. Rule 137 preempts section 2—611. (See *Yassin v. Certified Grocers of Illinois, Inc.* (1990), 133 Ill. 2d 458, 468, 551 N.E.2d 1319, 1323.) All the papers submitted

by the estate and objected to by the claimant were submitted prior to August 1, 1989, with one exception. Rule 137 uses language almost identical to that of section 2—611, with a few notable exceptions. Rule 137 uses "may" rather than "shall" in the language quoted above. Additionally, Rule 137 states:

"Where a sanction is imposed under this rule, the judge shall set forth with specificity the reasons and basis of any sanction so imposed either in the judgment order itself or in a separate written order." (134 Ill. 2d R. 137.)

We leave it to the circuit court on remand to determine which of section 2—611 and Rule 137 apply to which of the papers filed in this case.

The proper resolution of motions seeking sanctions under rules of the Illinois Supreme Court or statutory provisions like section 2—611 of the Civil Practice Law is of importance to the efficient operation of the courts and the integrity of attorneys as officers of the court, as well as to the particular litigants involved. The threat of sanctions should be sufficiently credible to deter the filing of papers with frivolous contentions or for improper purposes, both for the good of litigants and the efficient operation of the courts. However, if cases not within the contemplation of the applicable rules and statutes spawn "satellite litigation" over sanctions, oppression of litigants and inefficiency in court operations result.

The circuit court is in the best position to decide how those rules or statutes should be applied in the cases before it, and for that reason its decisions are entitled to considerable deference upon review. The decision whether to impose sanctions is within the sound discretion of the trial judge and will not be reversed on appeal absent an abuse of discretion. (*Yassin*, 133 Ill. 2d at 467, 551 N.E.2d at 1323.) However, the predicate to such deference is that the circuit court make an informed and reasoned decision. A hearing ought to be held to give the parties involved an opportunity to present any evidence needed to substantiate or rebut the claim for sanctions and an opportunity to argue their positions. A hearing was held in this case on the motion for fees and expenses, but the order entered suggests that no evidence was taken at that hearing. In the absence of findings which would justify foregoing an evidentiary hearing, the circuit court erred in not having such a hearing. See *Beno v. McNew* (1989), 186 Ill. App. 3d 359, 542 N.E.2d 533.

The decision of the circuit court needs to clearly set forth the factual basis for the result reached in order to be accorded deferential treatment. The appellate court in reviewing a decision on a motion for

sanctions should primarily be determining whether (1) the circuit court's decision was an informed one, (2) the decision was based on valid reasons that fit the case, and (3) the decision followed logically from the application of the reasons stated to the particular circumstances of the case. Secondarily, the appellate court should maintain some consistency of result at least for certain situations which are common and for which a clear result follows from the spirit as well as the letter of the applicable rules or statutes. (See generally *Mars Steel Corp. v. Continental Bank N.A.* (7th Cir. 1989), 880 F.2d 928 (Seventh Circuit's *en banc* decision on how to approach review of decisions under Rule 11 of the Federal Rules of Civil Procedure, the rule on which section 2—611 and Rule 137 are patterned).) For a court of review to enter its decision without benefit of the trial court's explicit findings tends to establish too many *ad hoc* rules of law as to the correct result in any given case. In this case the circuit court undoubtedly had reasons for its decision; however, it failed to express those reasons.

■■ In this case, in order for the circuit court to fulfill the prerequisites for exercising its discretion, it must have an evidentiary hearing and it must make specific findings which will then form the basis for its ultimate decision. On remand the claimant is to be given an opportunity to prove that the threshold requirements for sanctions are present in this case, and to prove the expenses fairly traceable to the alleged violations by the estate of statutes or rules providing for such sanctions. The estate is to be given the opportunity to rebut the claimant's contentions, and both parties are to be given an opportunity to argue their respective positions. The circuit court should set forth on the record and with specificity the reasons for its decision.

Accordingly, the order appealed from is vacated, and this cause is remanded for further proceedings consistent with this opinion.

Vacated and remanded.

HEIPLE, P.J., and BARRY, J., concur.