MARK A. BERTULI *et al.*, Plaintiffs-Appellants, v. WILLIAM GAULL *et al.*, Defendants-Appellees.

Third District   No. 3—90—0736

Opinion filed July 5, 1991.

Louis E. Olivero & Associates, of Peru (Louis E. Olivero, of counsel), for appellants.

Bernabei & Balestri, of La Salle (John Balestri, of counsel), for appellees.

JUSTICE HAASE delivered the opinion of the court:

The plaintiffs, Mark and Cynthia Bertuli, successfully enforced a restrictive covenant against the defendants, William and Julie Gaull. Subsequent to the entry of the injunction, the plaintiffs brought suit seeking to recover $4,000 in legal fees, court costs, and out-of-pocket expenses they expended in bringing the action. The defendants moved to dismiss. The trial court granted the defendants' motion and ordered the plaintiffs' complaint dismissed. The plaintiffs filed a motion to reconsider. The trial court denied the motion to reconsider. The defendants then brought a motion for sanctions pursuant to Supreme Court Rule 137 (134 Ill. 2d R. 137). On June 26, 1990, a hearing was held on the defendants' motion for sanctions.

At the conclusion of the hearing, the trial court took the motion under advisement. On August 14, 1990, the trial court, in a written order, granted the defendants' motion for sanctions. The plaintiffs appeal both the dismissal of their complaint and the imposition of sanctions. We affirm in part and vacate in part.

The plaintiffs and defendants live in the same residential subdivision. All lots in the subdivision are subject to a restrictive covenant. The covenant provides that no garage may be erected for more than two cars. The covenant also provides that any party violating the covenant will be liable for "damages." The plaintiffs learned the defendants planned to build a four-car garage on their property and sought preventative injunctive relief. In addition, the plaintiffs sought the attorney fees and court costs they expended in bringing the action. The court granted the injunction but denied the plaintiffs' request for attorney fees and court costs. The court ruled that a petition for attorney fees and court costs was not properly part of an action to enforce a restrictive covenant. The plaintiffs then brought the present action.

■■ ■ The rule in Illinois is well established that attorney fees and the ordinary expenses of litigation are not allowable to the successful party in the absence of a statute or specific agreement of the parties. (*Saltiel v. Olsen* (1981), 85 Ill. 2d 484; *Amoco Realty Co. v. Montalbano* (1985), 133 Ill. App. 3d 327, 478 N.E.2d 860.) The plaintiffs acknowledge this basic rule laid down in *Saltiel* and *Amoco*, but assert that when one party successfully obtains a preventative remedy against another under contract, the only possible meaning of the word "damages" is that the successful party be allowed to recover the attorney fees and court costs expended in bringing the action. Any other interpretation, the plaintiffs argue, would render the term "damages" meaningless. Although the plaintiffs' theory has some log-

ical merit, the terms "attorney fees" and "court costs" are legal terms of art. If the parties to a contract wish to include attorney fees and court costs as part of the recoverable costs for breach of that contract, they are free to do so. In absence of such an explicit recitation of those terms by the parties, however, they will not be inferred. The trial court did not err in dismissing the plaintiffs' complaint.

■ We are now called upon to decide whether the trial court erred or abused its discretion in assessing sanctions against the plaintiffs under Supreme Court Rule 137. (134 Ill. 2d R. 137.) Rule 137, effective August 1, 1989, preempts section 2—611 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—611). Rule 137 is almost identical to section 2—611, with a few notable exceptions. For example, Rule 137 provides a trial court "may" impose sanctions for violation of its terms, instead of the mandatory "shall" of section 2—611. Additionally, Rule 137 states:

> "Where a sanction is imposed under this rule, the judge shall set forth with specificity the reasons and basis of any sanction so imposed either in the judgment order itself or in a separate written order." (134 Ill. 2d R. 137.)

This requires a court to make specific factual findings rather than just recite the language of the rule in its *ratio decidendi*. Unfortunately, the trial court's order in the case at bar simply recites the language of Rule 137 and no transcript of the hearing on the motion for sanctions was included in the record on appeal. The trial court's written decision, in pertinent part, provides as follows:

> "Now, having considered all relevant matters, the court FINDS that the Plaintiffs' Motion to Reconsider was not well ground in fact and warranted by existing law or a good faith argument for the extension, modification or reversal of existing law. The Court FURTHER FINDS that the Motion to Reconsider was brought to harass and needlessly increase the costs of litigation for the Defendants."

As reviewing courts have noted previously, the decision to impose sanctions is within the sound discretion of the trial judge and will not be reversed on appeal absent an abuse of discretion. (*Yassin v. Certified Grocers of Illinois, Inc.* (1990), 133 Ill. 2d 458.) We adhere to this rule because the circuit court is in the best position to decide how the rules and statutes of this State should be applied in the cases before it, and it is for that reason we afford its decisions considerable deference upon review. The predicate to such deference, however, is that the circuit court make explicit factual findings upon which a court of review may make an informed and reasoned decision. As we noted in

*In re Estate of Smith* (1990), 201 Ill. App. 3d 1005, 1009-10, 559 N.E.2d 571:

> "The decision of the circuit court needs to clearly set forth the factual basis for the result reached in order to be accorded deferential treatment. The appellate court in reviewing a decision on a motion for sanctions should primarily be determining whether (1) the circuit court's decision was an informed one, (2) the decision was based on valid reasons that fit the case, and (3) the decision followed logically from the application of the reasons stated to the particular circumstances of the case."

In the case at bar, the court has set forth the legal conclusions upon which it assessed sanctions against the plaintiffs, but in order to intelligently review those conclusions, we need to be apprised of the evidentiary facts that precipitated the award. Additionally, such facts are necessary in order for a court of review to develop and maintain a consistency of result, at least for certain situations which are common, that adequately protects both the litigants and the integrity of our judicial system. See *Mars Steel Corp. v. Continental Bank N.A.* (7th Cir. 1989), 880 F.2d 928 (Seventh Circuit's *en banc* decision on how to approach review of decisions under Rule 11 of the Federal Rules of Civil Procedure, after which Rule 137 is patterned).

As we further noted in *In re Estate of Smith* (1990), 201 Ill. App. 3d 1005, 1010, 559 N.E.2d 571:

> "For a court of review to enter its decision without benefit of the trial court's explicit findings tends to establish too many *ad hoc* rules of law as to the correct result in any given case. \*\*\*
>
> \*\*\* [I]n order for the circuit court to fulfill the prerequisites for exercising its discretion, it must have an evidentiary hearing and it must make specific findings which will then form the basis for its ultimate decision."

In this case the circuit court undoubtedly had reasons for its decision; however, it failed to express those reasons. Accordingly, the order of the circuit court of Putnam County assessing sanctions and attorney fees against the plaintiffs is vacated.

Affirmed in part and vacated in part.

GORMAN and McCUSKEY, JJ., concur.