NORTH SHORE SIGN COMPANY, INC., Plaintiff-Appellee, v. SIGNA-
TURE DESIGN GROUP, INC., Defendant (Hwy, Ltd., d/b/a Yan's Hunan
Inn Restaurant, Defendant-Appellant).

Second District   No. 2—91—1407

Opinion filed December 8, 1992.

David Drenk, of Donovan & Roberts, P.C., of Wheaton, and Drake James Leoris, of Leoris & Cohen, P.C., of Highland Park, for appellant.

Thomas L. Sbertoli, of Graham, Graham & Sbertoli, Ltd., of Libertyville, for appellee.

JUSTICE GEIGER delivered the opinion of the court:

The defendant, Hwy, Ltd., d/b/a Yan's Hunan Inn Restaurant (Hwy or defendant), appeals from the trial court's order of October 24, 1991, denying sanctions sought pursuant to Supreme Court Rule 137 (134 Ill. 2d R. 137) against the plaintiff, North Shore Sign Co., Inc. The court denied sanctions after hearing the arguments of the

parties but apparently without the benefit of an evidentiary hearing. The appeal is before this court following a Rule 304(a) finding (134 Ill. 2d R. 304(a)) that there is no just reason to delay enforcement or appeal of the order denying sanctions.

On appeal, the defendant contends that it was an abuse of discretion for the trial court to deny an award of attorney fees incurred when the defendant responded to the plaintiff's amended motion to vacate an order granting summary judgment to the defendant and denying the plaintiff's motion for summary judgment on the plaintiff's petition to remove signs which plaintiff had fabricated and installed at the defendant's restaurant. The defendant argues that the plaintiff's amended motion to vacate the summary judgment was not warranted by existing law because the plaintiff invoked certain provisions of the Mechanics Lien Act (Act) (Ill. Rev. Stat. 1989, ch. 82, par. 1 *et seq.*) without reasonable inquiry into the law. The defendant asserts that the signs were not permanent, lienable fixtures under that act; rather, they were movable "trade" fixtures or goods whose removal was more properly governed by an action for replevin. We reverse the order of the trial court and remand the cause for further findings of fact and law sufficient to support its decision.

The record reveals that on December 1, 1988, the defendant, as tenant of the premises, entered into a contract with Signature Design Group, Inc. (Signature or contractor), an architectural and engineering design firm. According to the contract, Signature was to construct certain improvements on the premises located at 100 North Milwaukee Avenue in Libertyville, Illinois. Among other things, the contractor was to provide the defendant with two exterior signs. The plaintiff's contract to install the signs, dated May 23, 1989, had a contract price of $8,612 plus the cost of the permit fees.

On the verso of the contract was a provision which stated, in pertinent part:

> "9. Title to all materials and property covered by this contract shall remain in Company [plaintiff] and shall not be deemed to constitute a part of the realty to which it may be attached until the purchase price is paid in full. Company is given an express security interest in said material and property both erected and unerected notwithstanding the manner in which such personal property shall be annexed or attached to the realty. In the event of default by Purchaser ***, Company may at once (and without process of law) take possession and remove *** all materials used or intended for use in this con-

struction of said equipment *** without being deemed guilty of trespass."

The contract further provided that the contractor was to pay on receipt of the invoice, and after 30 days an interest charge would be added. The defendant claims not to have been present during the contract negotiations and did not take part in the selection of plaintiff, but did submit information to the contractor regarding the logo, style and colors of the sign which the contractor passed on to the plaintiff.

The defendant submitted an affidavit in support of its cross-motion for summary judgment in which its president, Cheng Ysen Yan, states that, on March 17, 1989, Chris Nesbitt, the president of Signature, represented to the defendant that the two signs were ordered but he did not advise the defendant from whom the signs were ordered. The affidavit further states that the contractor had promised substantial completion of the improvements by May 15, 1989, but the contractor failed to perform within that time and thereafter represented that the work would be performed by June 30, 1989. By June 8, 1989, the defendant had made progress payments to the contractor totalling $204,375.18, whereas the total original contract price was $245,000.

On June 30, 1989, the plaintiff began installing the signs on the defendant's leasehold premises and completed the installation on July 7, 1989. The invoice for the signs was dated July 10, 1989. The defendant's affidavit states that, on or about July 28, 1989, the defendant's president and Chris Nesbitt of Signature, among others, had a meeting during which the defendant became aware that certain subcontractors had not been paid in full. Defendant was assured that payment would be made by Signature to various subcontractors, including the plaintiff, who had already performed work at the premises.

According to the plaintiff's answer to the defendant's interrogatories, beginning on July 30, 1989, the plaintiff's president, Victor Laska, made demands for payment on Signature. The plaintiff, however, did not record a notice of a claim of a mechanics' lien regarding the work on defendant's premises. On or about July 31, 1989, the defendant contemplated terminating Signature's services.

Signature never completed its performance, and the defendant claimed that it was not entitled to full payment of the $245,000 contract price after August 9, 1989. The defendant did pay other contractors and suppliers after August 12, 1989, to complete the project. On September 6, 1989, the defendant attempted to ascertain from Signa-

ture whether the two exterior signs had been paid for out of the $204,375.18 paid by the defendant. The plaintiff had not been paid.

On September 13, 1990, the plaintiff filed its verified complaint. Count I, sounding in contract or *quantum meruit*, claimed that the plaintiff had fabricated and installed the signs for the benefit of defendant, Yan's Hunan Inn Restaurant (Hwy), that demand for payment of $9,028.50 had been made upon the defendants, Hwy and Signature, and that the amount remained due. Count II sought payment in the amount of $435 for other work done at the request of Signature.

On December 20, the plaintiff filed a petition to remove the signs, stating that it had not been paid for the signs. It claimed it had made numerous demands on Signature and other parties to the action, and that it could remove the signs from the building without noticeable trace of that removal. The defendant (Hwy) filed a motion to dismiss the petition, arguing that it had become a judgment and a lien creditor of Signature in another case pending in the circuit court where it had filed a counterclaim alleging breach of contract by Signature and fraud by Nesbitt. (The record discloses that, in that other cause, on October 29, 1990, there was a judgment entered in favor of Hwy in the amount of $263,042.10 for compensatory damages against Signature and Nesbitt and $350,000 for punitive damages against Nesbitt.) The court denied the motion to dismiss the petition to remove on January 23, 1991.

The defendant's answer to the verified complaint and the petition to remove the signs admitted that the plaintiff had not been paid for signs, but denied that the plaintiff had a right to demand payment from the defendant or that the defendant had a duty to make payment. The defendant claimed that it had "paid value" for the signs to Signature. As an affirmative defense, the defendant claimed that it had made progress payments through June 8, 1989, and that it had no knowledge of the agreement between the plaintiff and Signature. The defendant further stated that Signature was not entitled to full payment of the contract price until it completed its performance and that it had never completed its performance. Defendant claimed that the plaintiff's reservation of title merely created a security interest in the signs when they were affixed to the defendant's leasehold premises (citing Ill. Rev. Stat. 1989, ch. 26, par. 2–401). The defendant maintained that it was a good-faith purchaser for value and had title to the signs (citing Ill. Rev. Stat. 1989, ch. 26, par. 2–403). Additionally, the defendant claimed that it became a lien creditor when Signature was served with a citation to discover assets on December 7, 1990.

On March 19, 1991, the plaintiff filed its motion for summary judgment on the petition to remove the signs. The plaintiff argued that the defendant was not a good-faith purchaser for value because its last payment to Signature was on June 8, 1989, before the signs were installed and before the invoice was sent; and that the amounts paid did not include funds for the signs. The plaintiff also asserted that the defendant had notice that the signs were not paid for. The plaintiff argued that it retained title or a security interest in the signs and that its interest was superior to that of the defendant. The plaintiff also maintained that, even if it had an unperfected security interest, it was a purchase money security interest which attached first in time and had priority. The affidavit of the plaintiff stated that the signs were anchored with two or more bolts and could be removed without noticeable damage.

In its memorandum in support of its cross-motion for summary judgment, the defendant essentially argued that its right in the signs was superior to the plaintiff's because the signs were movable goods, that it was a good-faith purchaser for value, and that the title had passed to the purchaser. (See Ill. Rev. Stat. 1989, ch. 26, par. 2—401.) The defendant maintained that it acquired title from Signature upon installation on July 7, 1989, because a person with voidable title has the power to transfer a good title to a good-faith purchaser for value (see Ill. Rev. Stat. 1989, ch. 26, par. 2—403(1)). The defendant also argued that the owner of the building was a necessary party to the action.

On April 2, 1991, after considering the arguments of the parties, the trial court granted the defendant's cross-motion for summary judgment and denied the plaintiff's petition to remove the signs. The plaintiff was given leave to file an amended complaint.

On May 2, 1991, the plaintiff filed a motion to vacate the order granting summary judgment, arguing that it was against the manifest weight of the evidence. On May 7, 1991, substitute counsel appeared for the plaintiff, and on June 18, 1991, the plaintiff filed an amended motion to vacate the order granting summary judgment to the defendant and denying its motion for summary judgment on the petition. The plaintiff stated its belief that the court's decision was apparently based on the court's determination that the defendant had a superior interest in the signs where the defendant argued that it had made commercially reasonable payments to the general contractor which were assumed to include amounts attributable to the signs.

The plaintiff stated that the defendant's argument overlooked the provisions in the Mechanics Lien Act which should have controlled

whether the payments were appropriately made to a contractor under a construction contract. The plaintiff cited section 5 of the Act, which provides that, before payments are made, the contractor has a duty to give the owner and the owner has a duty to require that the contractor give a statement in writing, under oath, or verified by affidavit, of the names and addresses of all parties furnishing materials and labor and of the amounts due or becoming due. (Ill. Rev. Stat. 1989, ch. 82, par. 5.) The plaintiff also cited section 32 of the Act, which further provides that no payments to the contractor shall be regarded as rightfully made as against the subcontractor if made by the owner without exercising or enforcing the rights and powers conferred upon him in sections 5, 21, and 22 of the Act. Ill. Rev. Stat. 1989, ch. 82, par. 32.

The plaintiff argued that the court should have looked to the Act as opposed to the Uniform Commercial Code (Ill. Rev. Stat. 1989, ch. 26, par. 1—101 *et seq.*) to determine whether the payment to the contractor acted as a defense to the claim of the plaintiff for the return of the sign and whether the defendant had a superior interest in the sign. The plaintiff urged the court to find that the plaintiff had a superior right in the sign and to allow it to remove the sign according to its original petition.

On July 9, 1991, the court entered an order requiring the defendant to disclose to the plaintiff information regarding any contractor's or subcontractors' sworn affidavits.

On August 8, 1991, the trial court denied the plaintiff's amended motion to vacate the summary judgment and the denial of its petition to remove the signs. The court also found that there was no just cause to delay the enforcement or appeal of the order. See 134 Ill. 2d R. 304(a).

On September 9, 1991, the defendant filed its motion for Rule 137 sanctions and complained that, in lieu of filing an amended complaint, the plaintiff erroneously argued in its amended motion to vacate that the Mechanics Lien Act applied to the signs. The defendant argued that trade fixtures are not lienable under the Mechanics Lien Act, citing *B. Kreisman & Co. v. First Arlington National Bank* (1980), 91 Ill. App. 3d 847, 852, and, therefore, the plaintiff's motion was not well grounded in fact or law. As stated in its affidavit, the defendant sought attorney fees in the amount of $1,975 in responding to the plaintiff's amended motion to vacate. On October 24, 1991, after hearing the arguments of the parties, the trial court entered an order denying the defendant's motion for sanctions, and this appeal followed the trial court's finding of appealability on December 5, 1991. On that

date, the plaintiff also filed an amended complaint to add Nesbitt as a defendant with Signature.

On appeal, the defendant contends that the trial court abused its discretion in denying an award of sanctions to the defendant where the defendant argued that the plaintiff's amended motion invoking the Mechanics Lien Act was unfounded in law because the signs were not lienable under that act. Alternatively, the defendant argues that, assuming the signs were not trade fixtures, then they were permanent fixtures attached to the realty which were also not subject to replevin since a replevin action can only be brought for the recovery of goods or chattels as opposed to realty. See Ill. Rev. Stat. 1989, ch. 110, par. 19—101. But see *Isham v. Cudlip* (1962), 33 Ill. App. 2d 254, 265-66 (a replevin action may lie for a dwelling as personal property depending in large part on the intention of the parties).

The defendant further argues that the plaintiff's remedy would have been to foreclose on its mechanics' lien, if any. The defendant asserts that the plaintiff made no premotion investigation into the law in arguing that the Mechanics Lien Act supported the removal of the signs.

■ We agree that the central issue before this court is whether the trial court abused its discretion in denying the defendant's motion for sanctions pursuant to Supreme Court Rule 137. We first observe that the defendant has presented no reports of the proceedings, if any, of either the hearing on the cross-motions for summary judgment or the motion for sanctions. Additionally, the trial court made no specific findings of fact or law in its order granting summary judgment and in its order denying the motion for sanctions. The order of October 24, 1991, merely stated that, after hearing the arguments of the parties, the motion for sanctions was denied. Even though the trial court's judgment may be sustainable, on the state of the record, this court is unable to determine with certainty the basis for the trial court's order and whether it was appropriate under the circumstances.

■ Supreme Court Rule 137 dictates that litigants and attorneys have an affirmative duty to conduct an inquiry of the facts and the law prior to filing an action, pleading, or other paper. (*Couri v. Korn* (1990), 202 Ill. App. 3d 848, 855.) The rule requires that a party or litigant sign pleadings and other legal papers to certify that he or she has read the document, has made a reasonable inquiry into its basis, and believes that it is well grounded in fact and in law, or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to

harass or to cause unnecessary delay or needless increase in the cost of litigation. 134 Ill. 2d R. 137.

A violation of the rule may subject a party, its attorney, or both, to an appropriate sanction, including the award of reasonable attorney fees to the opposing party; the purpose of the rule is to prevent a litigant from abusing the judicial process by penalizing the party who brings a vexatious or harassing action without a sufficient legal or factual foundation. (See *Beno v. McNew* (1989), 186 Ill. App. 3d 359, 365.) Because the rule is penal in nature, it must be strictly construed. *In re Estate of Wernick* (1989), 127 Ill. 2d 61, 77; *Couri*, 202 Ill. App. 3d at 855.

Although Rule 137 does not impose greater duties on the litigants and their attorneys than its predecessor provision (Ill. Rev. Stat. 1989, ch. 110, par. 2—611), it does add the requirement that judges make specific findings in the order imposing sanctions. (*Sajdak v. Sajdak* (1992), 224 Ill. App. 3d 481, 494; *Bertuli v. Gaull* (1991), 215 Ill. App. 3d 603, 605-06.) Rule 137 states: "Where a sanction is imposed under this rule, the judge *shall* set forth with specificity the reasons and basis of any sanction so imposed either in the judgment order itself or in a separate written order." (Emphasis added.) 137 Ill. 2d R. 137.

In deciding whether to award sanctions under Rule 137, a trial court must consider the factual circumstances presented in each case. Generally, a hearing on both the merits and the amount of fees is required before an award can be made. (*Beno v. McNew* (1989), 186 Ill. App. 3d 359, 366.) In this type of proceeding, this court has before shown its disapproval of summary dispositions without express and adequate findings by the trial court. *Beno*, 186 Ill. App. 3d at 366-67 (in a section 2—611 proceeding in which sanctions were denied, where no express factual findings were made, judgment was reversed and cause remanded to conduct evidentiary hearing on merits of movant's petition for sanctions).

■■ The decision to impose sanctions is within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. (*Bertuli*, 215 Ill. App. 3d at 605.) Although the trial court's decision whether to impose sanctions is entitled to considerable deference, the predicate to such deference is that the circuit court make explicit factual findings upon which a court of review may make an informed and reasoned decision. (215 Ill. App. 3d at 605.) The specific factual basis of the trial court's decision is needed so that the reviewing court may determine: (1) whether the circuit court's decision was an informed one; (2) the decision was based on valid rea-

sons that fit the case; and (3) the decision followed logically from the application of the reasons stated to the particular circumstances of the case. (*In re Estate of Smith* (1990), 201 Ill. App. 1005, 1009-10; accord *Bertuli*, 215 Ill. App. 3d 603.) For a court of review to enter its decision without the benefit of the trial court's explicit findings tends to establish too many *ad hoc* rules of law as to the correct result in any given case. *Smith*, 201 Ill. App. 3d at 1010.

We agree generally with the rationale for specific findings expressed in *Smith* and *Bertuli*. While we recognize that a summary disposition of a motion for sanctions may be appropriate in cases where the pleadings, trial evidence and the factual basis in the record are clear, we believe the trial court must at least express succinctly the basis for its decision even when it denies a motion for sanctions. A reviewing court should not be put in the position of making the trial court's findings. See *Beno*, 186 Ill. App. 3d at 366.

■ In the present cause, the trial court concluded that the plaintiff's conduct in invoking certain provisions of the Mechanics Lien Act in its amended motion to vacate the summary judgment did not warrant sanctions. As can be seen in our detailed recitation of the facts, there were many factual and legal issues that needed to be resolved in order to determine what the interests of the parties were in the signs that were constructed. Various competing theories were advanced regarding the title to the property, the lien priorities of the parties, if any, and the appropriate remedy. In granting summary judgment to the defendant, the trial court evidently believed that the defendant's interests in the signs were superior, but the record is silent as to the precise reason for the court's decision.

Similarly, the trial court must have had specific reasons for its decision to deny sanctions which it failed to express in its order. Perhaps the court found the plaintiff's argument at least plausible—although possibly wrong—regarding the duty of the defendant to inquire into the payments owed to subcontractors under the Act. Perhaps the issues and the remedies were not as clear as the defendant suggests. (We observe, in passing, that under certain circumstances a claimant may repossess building materials under the Act (see Ill. Rev. Stat. 1989, ch. 82, par. 4).) However, this court should not be required to speculate as to which of the determinative facts and legal theories the trial court relied on in deciding the case.

We believe that the proper disposition in this cause is to reverse the order denying sanctions as deficient and to remand the cause for further proceedings so that the circuit court may make the specific findings of fact or law to support its decision and to facilitate appel-

late review. (See *Beno*, 186 Ill. App. 3d at 367.) The court is not required to but may consider further evidence if it deems this necessary.

The circuit court's order denying sanctions is reversed, and this cause is remanded for the entry of an order consistent with our discussion herein. In so ruling, we express no opinion on the merits of the defendant's motion for sanctions or on the correctness of the result.

Order reversed; cause remanded with directions.

UNVERZAGT and BOWMAN, JJ., concur.