NOTICE
Decision filed 07/10/14. The
text of this decision may be
changed or corrected prior to
the filing of a Petition for
Rehearing or the disposition of
the same.

2014 IL App (5th) 130109

NO. 5-13-0109

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| LAKE ENVIRONMENTAL, INC., | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 11-MR-226 |
| | ) | |
| DAMON T. ARNOLD, in His Capacity as Director | ) | |
| of Public Health, and THE DEPARTMENT OF | ) | |
| PUBLIC HEALTH, | ) | Honorable |
| | ) | Stephen P. McGlynn, |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

JUSTICE SPOMER delivered the judgment of the court, with opinion.
Presiding Justice Welch and Justice Chapman concurred in the judgment and opinion.

**OPINION**

¶ 1    Following protracted litigation at the administrative and circuit court levels, on July 3, 2012, the plaintiff, Lake Environmental, Inc., filed a motion, pursuant to Illinois Supreme Court Rule 137 (eff. Feb. 1, 1994), for sanctions against the defendants, LaMar Hasbrouck, in his capacity as Director of Public Health,[1] and the Illinois Department of

_____

[1]Damon T. Arnold was the Director when this action commenced. He has since been replaced by Director LaMar Hasbrouck, who has been substituted as a party by

1

Public Health (IDPH). The motion was denied, and the plaintiff now appeals. For the following reasons, we reverse the order of the circuit court and remand with directions.

¶ 2                                    FACTS

¶ 3    As noted above, this case comes to us after protracted litigation. Accordingly, we shall put forth succinctly only those facts necessary to an understanding of our ruling on appeal. On February 18, 2008, IDPH issued a "notice of emergency work stop order" to the plaintiff, halting the plaintiff's work on an asbestos removal project at Scott Air Force Base. On September 18, 2008, IDPH moved for voluntary dismissal of the emergency stop work order proceedings on mootness grounds. The following day, former defendant Damon T. Arnold, in his then capacity as Director of IDPH, granted, with prejudice, the motion for voluntary dismissal. On March 25, 2010, IDPH sent the plaintiff a notice of intent to revoke the plaintiff's asbestos contractor's license, alleging as the basis for revocation noncompliance by the plaintiff with applicable laws and regulations, all related to the Scott Air Force Base project in 2008. Administrative proceedings followed, and ultimately, on July 28, 2011, Arnold issued a final administrative decision that revoked the plaintiff's license. This complaint for administrative review of that decision was filed in the circuit court on August 30, 2011.

¶ 4    On July 26, 2010, during the pendency of the administrative proceedings described above, IDPH initiated an action for civil penalties and injunctive relief against the plaintiff in the circuit court of St. Clair County, also on the basis of the alleged

---

operation of law. See 735 ILCS 5/2-1008(d) (West 2010).

violations during the Scott Air Force Base project in 2008. On September 19, 2011, the trial judge in that case dismissed the civil penalties complaint, with leave to refile. Subsequently, in this case, on April 25, 2012, the same trial judge ordered IDPH to reinstate the plaintiff's license pending his decision on the merits. On June 4, 2012, the judge entered an order that, *inter alia*, reversed the revocation of the plaintiff's license and remanded for "further proceedings to determine whether or not" the plaintiff's license "should be suspended or revoked." On July 3, 2012, the plaintiff filed a motion for sanctions pursuant to Illinois Supreme Court Rule 137 (eff. Feb. 1, 1994). On July 24, 2012, a hearing was held on the motion, and at the conclusion of the hearing, the same trial judge took the matter under advisement and told the parties that a written decision would follow. On November 26, 2012, the judge entered an order which stated, in full, "Plaintiff's request for sanctions pursuant to Rule 137 is denied." The plaintiff filed a motion to reconsider the denial of sanctions, which was heard by a different judge, as the initial trial court judge was no longer on the bench. The motion to reconsider, which noted, *inter alia*, the lack of an explanation for the denial of sanctions, was denied on February 7, 2013, again without explanation, and this timely appeal followed.

¶ 5                                    ANALYSIS

¶ 6     As a threshold matter, we note that the defendants contend this court does not have jurisdiction over this appeal. As they correctly note, this court has a duty to consider its jurisdiction and to dismiss any appeal over which it determines that no jurisdiction exists. See, *e.g.*, *Peabody Coal Co. v. Industrial Comm'n*, 307 Ill. App. 3d 393, 395 (1999). The defendants point out that, in general, when the circuit court reverses an administrative

3

agency's decision and remands the matter for further proceedings by that agency, the circuit court's order is not final for purposes of appellate jurisdiction. See, *e.g.*, *Edmonds v. Illinois Workers' Compensation Comm'n*, 2012 IL App (5th) 110118WC, ¶ 19. "However, if, on remand, the agency has only to act in accordance with the directions of the court and conduct proceedings on uncontroverted incidental matters or merely make a mathematical calculation, then the order is final for purposes of appeal." *Id*. In the case at bar, the defendants contend the trial judge's June 4, 2012, order "appears patently non-final by ordering a remand that authorizes more than ministerial action." The plaintiff counters that: (1) the order fully adjudicated all issues, found without merit IDPH's purported justifications for revoking the plaintiff's license, and therefore left IDPH with no discretion on remand and no choice but to reinstate the plaintiff's license, and (2) in any event, by the time the trial judge ruled on the plaintiff's request for sanctions, the remand had been completed and the plaintiff's license had been reinstated. We agree with the plaintiff with regard to both counts and conclude we have jurisdiction over this appeal. Accordingly, we now turn to the arguments of the parties.

¶ 7    On appeal, the plaintiff contends that the trial judge's one-sentence order–which, as noted above, states in full, "Plaintiff's request for sanctions pursuant to Rule 137 is denied"–should be reversed and this cause should be remanded because the order provides no explanation for the judge's decision to deny the plaintiff's request for sanctions, and because the trial judge provided no basis orally for his ruling, instead taking the matter under advisement at the conclusion of the hearing and telling the parties a written decision would follow. We agree. As the plaintiff notes, our colleagues in the

4

Second District have long held, in a well-reasoned line of decisions that stretches back to 1992, that when a trial judge rules on a motion for sanctions pursuant to Rule 137, that judge must provide specific reasons for his or her ruling, regardless of whether sanctions are granted or denied. In *In re Estate of Smith*, 201 Ill. App. 3d 1005, 1009 (1990), our colleagues in the Third District acknowledged the long-standing rule that "[t]he decision whether to impose sanctions [pursuant to Rule 137] is within the sound discretion of the trial judge and will not be reversed on appeal absent an abuse of discretion," but noted that "the predicate to such deference is that the circuit court make an informed and reasoned decision." The *Smith* court noted that for such a decision to occur, the trial judge should hold a hearing on the motion for sanctions. *Id*. Following that hearing, the decision rendered–either orally or in writing–with regard to sanctions "needs to clearly set forth the factual basis for the result reached." *Id*. That is because upon review it is the function of this court to determine "whether (1) the circuit court's decision was an informed one, (2) the decision was based on valid reasons that fit the case, and (3) the decision followed logically from the application of the reasons stated to the particular circumstances of the case." *Id*. at 1010. The *Smith* court noted that "[f]or a court of review to enter its decision without benefit of the trial court's explicit findings tends to establish too many *ad hoc* rules of law as to the correct result in any given case." *Id*. Accordingly, the court vacated the trial court's order and remanded with directions that the trial court hold a hearing and then "set forth on the record and with specificity the reasons for its decision." *Id*.

¶ 8     Two years later, our colleagues in the Second District issued the first in their line of decisions on this issue, *North Shore Sign Co. v. Signature Design Group*, *Inc.*, 237 Ill. App. 3d 782 (1992).  Therein, the court cited *Smith* with approval and added reasoning that is particularly relevant to a case with as complicated a history as the instant one: "A reviewing court should not be put in the position of making the trial court's findings" and "should not be required to speculate as to which of the determinative facts and legal theories the trial court relied on in deciding" whether to allow or deny sanctions.  *Id*. at 791.  The following year, in *Heiden v. Ottinger*, 245 Ill. App. 3d 612, 621-22 (1993), the court held that even when a hearing on a Rule 137 motion has been held, if the trial judge fails to make specific findings that articulate the reasons for his or her decision to deny sanctions, the judge's order must be vacated and the cause remanded for further proceedings.  Subsequently, in *O'Brien & Associates, P.C. v. Tim Thompson, Inc.*, 274 Ill. App. 3d 472, 482-83 (1995), the court rejected the notion that an explanation is required only when sanctions are granted, instead holding that the trial court "must set forth the reasons and basis for its decision" regardless of whether the court "imposes or declines to impose Rule 137 sanctions."  That is because "[w]ere a trial court not obliged to make explicit the legal or factual basis for its decision not to impose sanctions, the foundation for valid appellate review \*\*\* would crumble" and appellate review "would become an *ad hoc*, inconsistent, and speculative affair."  *Id*. at 483.  Likewise, in *Kellett v. Roberts*, 281 Ill. App. 3d 461, 464-65 (1996), the court found the following vagueness from a trial judge to be inadequate: " 'Rule 137, that's within the discretion of the court to award or not to award.  I'm exercising that discretion in this case.  I will not award Rule

6

137 [sanctions] ***.' " The *Kellett* court reversed the trial judge's decision and remanded for further proceedings. *Id*. at 465.

¶ 9 Rather than addressing the reasoning found in this body of law, the defendants instead choose to refer to it as "preferred practice" and point to three decisions that they claim allow a trial judge to deny a motion for sanctions pursuant to Rule 137 without providing any justification for so ruling. The first decision cited by the defendants, *Yunker v. Farmers Automobile Management Corp.*, 404 Ill. App. 3d 816, 824 (2010), does not even mention the extensive body of law described above, nor does it provide any explanation for its deviation therefrom; accordingly, it is utterly unpersuasive. In the second decision cited by the defendants, *Elledge v. Reichert*, 250 Ill. App. 3d 1055, 1061-62 (1993), our colleagues in the Fourth District concluded that under the plain language of Rule 137, reasons must only be given when sanctions are granted, not when they are denied. *Elledge*, however, predated the development of most of the body of law described above and presents no compelling analysis or reasoning that would support deviating from that body of law; moreover, the *Elledge* court expressly found that although the trial court in that case did not articulate in its written order its reasons for denying sanctions, the trial court *did* articulate those reasons orally at the conclusion of the hearing on the Rule 137 motion and that the reasoning was therefore reviewable by the appellate court based upon the transcript of that hearing. *Id*. at 1061. The third decision cited by the defendants, *Shea, Rogal & Associates, Ltd. v. Leslie Volkswagen, Inc.*, 250 Ill. App. 3d 149, 155 (1993), also predates most of the body of law described above and again provides no compelling reasoning or analysis that would justify

7

deviating from that body of law. Moreover, although the *Shea* court held that no explanation is required when sanctions are denied, it, like the *Elledge* court, found that in the case before it, an explanation for denial was given, specifically, "a finding that no frivolous pleadings were filed." *Id*. We find the reasoning put forward by our colleagues in the Second District over the last 22 years to be far more persuasive than anything found in *Yunker*, *Elledge*, or *Shea*, and hereby adopt the view taken in the Second District cases. Because the trial judge in the case at bar provided no explanation for his denial of sanctions, his order must be reversed and this cause remanded.

¶ 10                                    CONCLUSION

¶ 11    For the foregoing reasons, we reverse the order of the circuit court of St. Clair County and remand with directions for the circuit court to enter an order ruling on the plaintiff's motion for sanctions, said order to describe, with specificity, the reasons for so ruling.


¶ 12    Order reversed; cause remanded with directions.

8

2014 IL App (5th) 130109

NO. 5-13-0109

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

LAKE ENVIRONMENTAL, INC.,                     )     Appeal from the
                                              )     Circuit Court of
        Plaintiff-Appellant,                  )     St. Clair County.
                                              )
v.                                            )     No. 11-MR-226
                                              )
DAMON T. ARNOLD, in His Capacity as Director  )
of Public Health, and THE DEPARTMENT OF       )
PUBLIC HEALTH,                                )     Honorable
                                              )     Stephen P. McGlynn,
        Defendants-Appellees.                 )     Judge, presiding.
_____

**Opinion Filed:**          July 10, 2014
_____

**Justices:**         Honorable Stephen L. Spomer, J.

                      Honorable Thomas M. Welch, P.J., and
                      Honorable Melissa A. Chapman, J.,
                      Concur
_____

**Attorneys**         David L. Antognoli, Anthony Catalfamo, Goldenberg, Heller,
**for**               Antognoli & Rowland, P.C., 2227 South State Route 157,
**Appellant**         Edwardsville, IL 62025
_____

**Attorneys**         Lisa Madigan, Attorney General, Michael A. Scodro, Solicitor
**for**               General, Laura Wunder, Assistant Attorney General, 100 West
**Appellees**         Randolph Street, 12th Floor, Chicago, IL 60601
_____