2021 IL App (1st) 192118-U

No. 1-19-2118

Order filed March 9, 2021.

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| RANDY STONEBERG, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 2017 L 004129 |
| | ) | |
| JORGE BALTAZAR, | ) | The Honorable |
| | ) | Allen Price Walker, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE LAVIN delivered the judgment of the court.
Justices Pucinski and Cobbs concurred in the judgment.

## **ORDER**

¶ 1     *Held*: The circuit court was not required to hold an evidentiary hearing on defendant's motion for sanctions where he failed to make a timely request for an evidentiary hearing and the record was otherwise sufficient for the court to determine whether sanctions were warranted.

¶ 2     This appeal arises from the circuit court's order denying defendant Jorge Baltazar's

motion for sanctions under Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018), against plaintiff

Randy Stoneberg. On appeal, defendant argues that the court erred by denying the motion without holding an evidentiary hearing. We affirm the court's judgment.

¶ 3     In 2017, Northwestern University fired plaintiff after determining that he had made inappropriate comments concerning defendant. Essentially, the university found the harassment allegations of defendant, and others, were more credible than plaintiff's denial of those allegations. Plaintiff then brought this defamation action against defendant, alleging that he made false statements to the university during its investigation. Plaintiff eventually filed a second-amended complaint and a motion to continue trial, which the circuit court denied on January 3, 2019. On the same day, plaintiff filed a motion to voluntarily dismiss his case against defendant without prejudice, which the court granted.

¶ 4     Defendant then filed a motion seeking attorney fees and sanctions against plaintiff pursuant to Rule 137. Defendant argued that the university's report corroborated his allegations of harassment and showed that plaintiff's complaint had no arguable basis in law or fact. Defendant's motion did not, however, request an evidentiary hearing.

¶ 5     In response, plaintiff argued that during their depositions, he and defendant "stuck to their respective positions regarding whether [defendant's] statements to [the university] were true." Plaintiff also submitted sworn statements from witnesses corroborating his denial of the harassment allegations. According to plaintiff, the mere existence of a factual dispute did not make his allegations sanctionable.

¶ 6     On July 23, 2019, the circuit court denied defendant's motion for sanctions because the conflicting deposition testimony showed plaintiff had a basis for bringing the lawsuit. Additionally, voluntarily dismissing the lawsuit did not show it was frivolous when filed. We

note that defendant did not argue before the court that it was required to conduct an evidentiary hearing.[1]

¶ 7     Defendant filed a motion to reconsider. He acknowledged that the court denied the sanctions motion because evidence was conflicting but argued that the court should have held an evidentiary hearing. The court denied the motion to reconsider. We note that substitute counsel appeared in defense counsel's stead at the hearing on the motion to reconsider and did not argue that defendant had additional evidence to present.

¶ 8     On appeal, defendant solely asserts that the circuit court abused its discretion in denying his request for an evidentiary hearing on his Rule 137 motion for sanctions. *Hess v. Lloyd,* 2012 IL App (5th) 090059, ¶ 22 (setting forth the abuse of discretion standard of review).

¶ 9     Rule 137 is intended to prevent abuse of the judicial process by penalizing litigants who file vexatious and harassing lawsuits based on unsupported factual or legal allegations. *Williams, Montgomery & John, Ltd. v. Broaddus*, 2017 IL App (1st) 161063, ¶ 41. The rule states that [t]he signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other document; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law ***, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Ill. S. Ct. R. 137(a) (eff. Jan. 1, 2018). Where this rule is violated, the circuit court "may" impose a sanction, which can include attorney fees. *Id*. The circuit court is not required to impose a sanction, however, even when the rule is violated. *Lake Environmental, Inc. v. Arnold*, 2015 IL 118110, ¶ 15.  Furthermore, the court is not required to explain its reasons for denying a sanctions motion. *Id*. ¶ 19.

---

[1]The court also denied as moot defendant's motion to amend its Rule 137 motion to seek sanctions against plaintiff's attorney.

¶ 10    When reviewing the denial of sanctions, the appellate court should examine the record to determine whether the lower court had an adequate basis to make its decision. *Id*. If the record is insufficient, remand may be appropriate. *Id.* That being said, rule 137 does not require that a circuit court always conduct an evidentiary hearing. *Shea Rogal & Associates v. Leslie Volkswagen, Inc*., 250 Ill. App. 3d 149, 154 (1993). Rather, it is well settled that if the record is sufficient for the court to be informed, no evidentiary hearing is necessary. *Williams, Montgomery & John, Ltd.*, 2017 IL App (1st) 161063, ¶ 45; *Hess,* 2012 IL App (5th) 090059, ¶ 26; *Century Road Builders, Inc. v. City of Palos Heights*, 283 Ill. App. 3d 527, 530 (1996); *cf. In re Marriage of Johnson*, 2011 IL App (1st) 102826, ¶ 34 (stating that the individual subject to sanction is entitled to an evidentiary hearing); *In re Estate of Baker*, 242 Ill. App. 3d 684, 688 (1993) (stating that "the trial court must allow for an evidentiary hearing before *imposing* sanctions" (emphasis added)). Whether an evidentiary hearing is necessary depends on the facts of a given case. *Gershak v. Feign*, 317 Ill. App. 3d 14, 23 (2000).

¶ 11    First, we find that defendant should have requested an evidentiary hearing in his motion for sanctions if he felt that an evidentiary hearing was necessary. *Kellett v. Roberts*, 276 Ill. App. 3d 164, 174 (1995); *Shea Rogal & Associates*, 250 Ill. App. 3d at 154-55. Instead, defendant's motion implied that the court had everything it needed to enter a decision. Even when defendant did ask for an evidentiary hearing in his motion to reconsider, he did not bring that request to the court's attention at the hearing on the motion or make an offer of proof as to what evidence he wanted to present.

¶ 12    In any event, the pleadings, the attached deposition transcripts and affidavits, and the university's report were sufficient to enable to the circuit court to make an informed decision without holding an evidentiary hearing. The record shows that defendant, and corroborating

witnesses, alleged that plaintiff made inappropriate comments. Additionally, plaintiff, and corroborating witnesses, have denied that plaintiff made those comments. While the university believed defendant over plaintiff, this did not preclude plaintiff from filing a defamation action asking the circuit court to make its own credibility determination. At a minimum, plaintiff's own testimony would support his defamation claim, even if the circuit court ultimately would have sided with defendant had this case made it to trial. *Villaverde v. IP Acquisition VIII, LLC*, 2015 IL App (1st) 143187, ¶70 (recognizing that a trial court's determination that the evidence did not support a party's claims did not mean that that party was unable to reasonably argue that the evidence did support its claims). Defendant has not explained what more the court needed to hear short of a full trial on the merits of plaintiff's defamation claim. Accordingly, the court did not abuse its discretion by denying defendant's motion for sanctions without an evidentiary hearing. *Cf. In re Estate of Smith*, 201 Ill. App. 3d 1005, 1010 (1990) (overruled on other grounds by *Lake Environmental, Inc. v. Arnold*, 2015 IL 118110, ¶ 9) (stating that in the case at hand the court needed to hold an evidentiary hearing before ruling on a motion for attorney fees).

¶ 13    For the foregoing reasons, we affirm the circuit court's judgment.

¶ 14    Affirmed.