CHARLES LIDDLE, Plaintiff-Appellee, v. JUAN CEPEDA, Defendant and Third-Party Plaintiff (Moss and Hillison, Appellant; Gregory Liddle, Third-Party Defendant-Appellee).

Third District    No. 3—93—0075

Opinion filed November 4, 1993.—Rehearing denied December 14, 1993.

Moss & Hillison, of Chicago (Gregory R. Spelson, of counsel), for appellant.

Frank P. Andreano, of Joliet, for appellees.

JUSTICE STOUDER delivered the opinion of the court:

The law firm of Moss & Hillison appeals from an order of the circuit court granting attorney fees to the plaintiff. We find that the circuit court did not abuse its discretion in awarding attorney fees to the plaintiff, but we remand the cause for a recalculation of the amount of the fees owed.

The plaintiff, Charles Liddle, filed a complaint against the defendant, Juan Cepeda, for $1,908.60 in property damage to his automobile. The complaint alleged that Cepeda was responsible for paying him this amount as a result of an automobile accident that occurred on October 26, 1991. The plaintiff obtained the defendant's name from a police report of the accident. The defendant filed an answer and third-party complaint for contribution against Gregory Liddle, the son of the plaintiff and the driver of the plaintiff's vehicle at the time of the accident. The third-party complaint described the defendant as having been the driver of the vehicle and alleged five specific acts of negligence on the part of Gregory Liddle.

At trial, it became apparent that the defendant was not the driver of the vehicle at the time of the accident. The defendant initially testified that he had been the driver and proceeded to describe how the accident occurred. After awhile, the defendant became confused. Following a sidebar conference, the defendant changed his story and testified that it was his son who was involved in the accident and that he had been lying to protect him. Both parties moved for a directed verdict, and the judge granted the defendant's motion. The plaintiff also moved for sanctions in the form of attorney fees, pursuant to Supreme Court Rule 137 (134 Ill. 2d R. 137). The judge stated that he would start to conduct a hearing on the Rule 137 motion and that he would put the defendant on the stand.

The court then called the defendant as a witness. The defendant speaks English poorly and testified with the aid of an interpreter. The defendant testified that his first contact with the law firm of Moss & Hillison was in November 1991 when his wife spoke to an attorney at

the firm. He never personally spoke to an attorney until the day of the trial. Upon questioning by an attorney from Moss & Hillison, the defendant admitted that his wife filled out an insurance form that listed him as the driver, and also that he spoke to an attorney from Moss & Hillison a few weeks previously. The defendant also received letters from the firm. Upon questioning by counsel for the plaintiff, the defendant testified that his attorneys never requested that he come into their office to talk about the accident. The defendant was shown the third-party complaint for contribution and could not remember if he had ever seen it before. He testified that Moss & Hillison never asked his permission to file it.

The court granted the plaintiff's motion for attorney fees. The court stated in a written order that attorney John Moss had signed a pleading without anyone from his firm ever speaking to his client. The third-party complaint for contribution alleged that Juan Cepeda was the driver of the vehicle and also alleged five specific acts or omissions of Gregory Liddle that constituted negligence. The court found that these allegations were made without reasonable inquiry, as no one from the firm spoke to the defendant until three weeks prior to trial. The court ordered Moss & Hillison to pay the plaintiff's attorney fees in the amount of $1,550 plus costs. This figure was based on an affidavit filed by the plaintiff.

Moss & Hillison first argue on appeal that the trial court erred in sanctioning defense counsel for not pursuing a reasonable inquiry regarding their client's pleadings. The decision to impose sanctions is within the sound discretion of the trial judge and will not be reversed on appeal absent an abuse of discretion. (*Yassin v. Certified Grocers of Illinois, Inc.* (1990), 133 Ill. 2d 458, 551 N.E.2d 1319.) An appellate court reviewing imposition of sanctions considers whether (1) the circuit court's decision was an informed one; (2) the decision was based on valid reasons that fit the case; and (3) the decision followed logically from the application of the reasons stated to the particular circumstances of the case. *Kubiak v. City of Kewanee* (1992), 228 Ill. App. 3d 605, 592 N.E.2d 1200.

Moss & Hillison claim that the trial court erroneously employed a hindsight analysis in sanctioning them. They claim that, because their client lied to them, they had no way of knowing that they were filing a pleading on behalf of the wrong party. Unfortunately, Moss & Hillison's understanding of this case is no better now than it ever was. Their entire argument on this issue focuses on the fact that they could not have known that their client was the wrong party. What Moss & Hillison either do not recognize or do not understand is that

the trial court was equally concerned with the specific acts of negligence alleged in the third-party complaint. The defendant alleged that the plaintiff moved at an unreasonable speed, failed to keep a proper lookout, failed to give proper warning to any vehicle involved in the alleged incident, operated an improperly equipped vehicle, and disobeyed traffic signs, signals or ordinances. The court found that there had been no reasonable inquiry with respect to these allegations. The court stated in making its ruling that it was clear that the defendant never authorized or even saw the third-party complaint before it went out. The judge further stated, "I'm not sure exactly where Mr. Moss came up with the allegations, since he never even talked to his own client."

■ It is clear from the record that there was no basis for these specific allegations of negligence. The defendant was not consulted prior to filing of the third-party complaint, no evidence was introduced that the plaintiff moved at an unreasonable rate of speed, had an improperly equipped vehicle, failed to give proper warning, or disobeyed any traffic signs or ordinances. These statements did not even make sense in the context of how the accident occurred. Further, the attorney for Moss & Hillison did not explain at the sanctions hearing the basis for these allegations. The duty imposed upon counsel is to make a reasonable inquiry into the facts to support a legal claim before pleadings are filed, not after. (*Beno v. McNew* (1991), 213 Ill. App. 3d 720, 572 N.E.2d 295.) An attorney is not entitled to make up facts, put them in a pleading, and then hope something remotely similar comes up at trial. The trial judge's decision to grant the motion for attorney fees was an informed one that was based on valid reasons that fit the case. Defense counsel has not demonstrated an abuse of discretion by the circuit court.

■ Moss & Hillison also argue that the procedure by which they were sanctioned was improper. They complain that the judge called the sanctions hearing on his own volition and did not give advance notice. They also argue that the petition for fees was submitted at the last minute and that the supporting affidavit was not filed until later. This argument is made for the first time on appeal; defense counsel never objected to any of the proceedings and failed to ask for a continuance. Even though an order of court may by void *ab initio* for lack of due process, such as notice, a defect in notice can be waived. (*Williamsburg Village Owners' Association, Inc. v. Lauder Associates* (1990), 200 Ill. App. 3d 474, 558 N.E.2d 208.) Preservation of a question for review requires an appropriate objection in the court below, and failure to object constitutes a waiver. (*Williamsburg*, 200 Ill.

App. 3d 474, 558 N.E.2d 208.) Rule 137 specifically allows the trial court to impose sanctions on its own initiative. Defense counsel participated in the hearing and never raised any procedural objections, either at the hearing or in the post-trial motion. Defense counsel also failed to ask for a continuance and declined the court's invitation to have someone else from Moss & Hillison come to testify about the circumstances surrounding the filing of the pleading. Any procedural objections have therefore been waived.

■■ As a final matter, we note that the court awarded the plaintiff all of the attorney fees expended in this matter. Rule 137 states, in part, that the sanction for filing a pleading in violation of the rule, "may include an order to pay to the other party or parties the amount of reasonable expenses incurred because of the filing of the pleading." (134 Ill. 2d R. 137.) The first six legal expenses listed on the plaintiff's supporting affidavit are for matters that took place before filing of the third-party complaint. These expenses, therefore, could not have been incurred because of the filing of the third-party complaint and should not have been awarded by the circuit court. The affidavit lists all of the services performed and the total hours expended. The total hours are multiplied by $100 to reach a total amount of $1,550. Unfortunately, the affidavit does not list the amount of time spent on each individual service. Therefore, we are unable to reduce the amount of the award ourselves and must remand the matter for a new determination of the proper amount of the sanction.

In sum, we affirm the decision of the circuit court of Will County to award attorney fees to the plaintiff, but remand the cause for a new hearing on the proper amount of the sanction. The plaintiff is directed to file a new supporting affidavit with the circuit court that lists the specific amounts of time expended for each separate legal service.

Affirmed and remanded with directions.

McCUSKEY, P.J., and BRESLIN, J., concur.