ELIZABETH MALONE, Plaintiff-Appellee, v. MICHAEL PAPESH, Defendant-Appellant (Moss and Hillison, Appellant).—ELIZABETH MALONE, Plaintiff-Appellee, v. CRAIG NEWBURG, Defendant-Appellant (Moss and Hillison, Appellant).

Third District   Nos. 3—93—0337, 3—93—0338 cons.

Opinion filed January 26, 1994.

Moss & Hillison, of Chicago (Josette Allen, of counsel), for appellants.

Kallan & Grnacek, of Joliet (Daniel J. Kallan, of counsel), for appellee.

JUSTICE BARRY delivered the opinion of the court:

On September 6, 1991, plaintiff, Elizabeth Malone, filed two complaints in Will County alleging personal injuries and property damages resulting from two separate automobile accidents—one against Craig Newburg for an accident which allegedly occurred on October 7, 1990, and the other against Michael Papesh for an accident which allegedly occurred on December 29, 1990. Both defendants were represented by the law firm Moss & Hillison. In the Papesh case, Moss & Hillison filed an answer neither admitting nor denying the substantive elements of the complaint, but demanding strict proof thereof. In the Newburg case, Moss & Hillison demanded strict proof of paragraph 1, alleging the date of the accident, and denied all other substantive elements of the complaint.

Defense counsel filed discovery requests and demanded jury trials in both cases. Plaintiff was asked whether she had retained or contemplated calling at trial "an expert witness as defined in Paragraph (a)(1) of Supreme Court Rule 220." In both cases plaintiff responded

in the negative. Pretrials were held. The Newburg case ultimately proceeded to trial on January 29, 1993, and the Papesh case on February 1, 1993. Trial counsel for both defendants was attorney Linda Parrillo of Moss & Hillison. Neither defendant appeared at trial.

In both cases, plaintiff called a witness to testify concerning the damage to her car. In the Newburg case, the officer investigating the accident testified that defendant stated to him that when he entered the left lane he sideswiped plaintiff's car, but he did not see the vehicle until he hit it. Defendant offered no evidence. The trial court directed a verdict against defendant on the issue of liability at the close of plaintiff's evidence. In the Papesh case, defense counsel admitted liability before plaintiff presented her case in chief based on the fact that Papesh had rear-ended plaintiff's vehicle and was ticketed for DUI.

In both cases, defense counsel proposed a jury verdict form finding for the defendant. The court refused defendants' forms. In both cases the jury returned verdicts for the plaintiff. The trial court entered judgments accordingly against Newburg in the amount of $3,058.56 plus costs and against Papesh in the amount of $2,066.43 plus costs.

Defense counsel filed post-trial motions in both cases. Plaintiff filed a post-trial motion in the Papesh case, along with motions for sanctions in both cases. The parties' post-trial motions were denied; however, the court imposed sanctions of $150.50 in each case against Moss & Hillison for "bad faith in failing to conduct a reasonable investigation of the facts and circumstances of the case, blanket denial of the allegations in plaintiff's complaint, needlessly increasing the costs of litigation, [and] needlessly wasting judicial time."

The defendants appeal from the underlying judgments and the denial of their post-trial motions, and Moss & Hillison appeals from the orders entering sanctions. For reasons that follow, we affirm.

Defendants initially contend that the trial court erred in allowing plaintiffs to present testimony of Raymond Bergeson, who testified as to the damage to plaintiff's car as a result of each accident. Defendants claim that plaintiff was obligated to reveal Bergeson's identity in response to their Rule 220 discovery request (134 Ill. 2d R. 220). Plaintiff takes the position that Bergeson was not "retained" as an expert, but was the owner of Rendel's, the auto body repair shop whose damage reports were produced well in advance of trial pursuant to defendants' discovery requests. Thus, plaintiff argues, even if Bergeson were an expert for purposes of Rule 220, the trial court acted within its discretion in allowing him to testify at trial since

defendants could not have been surprised or prejudiced by his testimony regarding the extent of damage to plaintiff's vehicle.

■■ Supreme Court Rule 220 mandates disclosure of experts and defines an expert witness as "a person who, because of education, training or experience, possesses knowledge of a specialized nature beyond that of the average person on a factual matter material to a claim or defense in pending litigation and who may be expected to render an opinion within his expertise at trial. He may be an employee of a party, a party or an independent contractor." (134 Ill. 2d R. 220.) In our opinion, Bergeson clearly qualifies as an expert whose disclosure was required pursuant to the rule. He was a person with specialized knowledge and experience in valuing vehicle damages in accident cases beyond the ken of the average person, and plaintiff anticipated that he would provide testimony in support of her claim for property damages at trial. Thus, plaintiff's failure to reveal Bergeson's identity and opinions about the value of the car as requested by defendants' Rule 220 interrogatories violated the rule.

With respect to sanctions for discovery violations, the rule provides that "[f]ailure to make the disclosure required by this rule or to comply with the discovery contemplated herein will result in disqualification of the expert as a witness." Although there is some difference of opinion within the appellate court (compare *Oldenburg v. Hagemann* (2d Dist. 1991), 202 Ill. App. 3d 315, 565 N.E.2d 1021, with *Byrnes v. Fiscella* (1st Dist. 1991), 217 Ill. App. 3d 831, 578 N.E.2d 204), we believe that the trial court does have discretion with respect to the imposition of sanctions for Rule 220 violations. See, *e.g., Fischer v. G & S Builders* (3d Dist. 1986), 147 Ill. App. 3d 168, 172, 497 N.E.2d 1022, 1025 ("The trial court may impose the sanction at its discretion, and the court's decision should not be interfered with on review absent a clear showing of abuse").

As indicated by plaintiff, the relevant six factors to be considered in determining whether exclusion of a witness is required are: (1) surprise to the adverse party; (2) the prejudicial effect of the witness' testimony; (3) the nature of the witness' testimony; (4) the diligence of the adverse party; (5) whether objection to the witness' testimony was timely; and (6) good faith of the party calling the witness. *Ashford v. Ziemann* (1984), 99 Ill. 2d 353; *Sohaey v. Van Cura* (1992), 240 Ill. App. 3d 266, 286, 607 N.E.2d 253, 269.

In this case, Rendel's damage report of October 18, 1990, was timely disclosed to defendants and shows damages to plaintiff's 1985 Renault in the amount of $1,630.36. Another report from Supreme Radiator and Body Co., dated October 19, 1990, and timely disclosed

to defendants, shows damages estimated in the amount of $1,775.41. As plaintiff points out, it was apparent that these reports estimating the damages were obtained by plaintiff in anticipation of her insurance claim, and any further information about the losses or who prepared the reports could have been obtained by defendant upon diligent inquiry. Further, at the hearing on sanctions in the trial court, plaintiff's attorney explained that the parties had discussed during discovery and at the pretrial conference the fact that plaintiff's vehicle was only worth $2,000 after the first accident and totalled after the second. Thus, the fact that Bergeson's testimony included his opinion that the market value of plaintiff's car on the date of the second accident was $2,000 was not a surprise to defendants and could not have prejudiced their cases. Photographs of the vehicle disclosed pursuant to discovery and admitted into evidence substantiate that the car was extensively damaged. Thus, Bergeson's testimony that the vehicle was "totalled" after the second accident was not surprising.

From our review of the evidence of record, we believe that the trial court could have properly concluded that plaintiff's failure to disclose Bergeson as an expert witness in response to the defendants' interrogatories was more of an oversight than by design. In sum, except for the defendants' timely objections to Bergeson's testimony, the relevant factors weigh against exclusion of Bergeson's testimony as a sanction for the rule violation. Accordingly, we hold that the trial court did not abuse its discretion in denying defendants' motions for sanctions pursuant to Supreme Court Rule 220.

Next, defendants' attorneys argue that the court abused its discretion in awarding attorney fees to plaintiff as a sanction for bad faith in failing to conduct a reasonable investigation of the facts prior to trial. The practice of the firm of Moss & Hillison of signing pleadings and not conducting any reasonable investigation of the facts prior to trial was discussed by this court in the recent case of *Liddle v. Cepeda* (1993), 251 Ill. App. 3d 892, 623 N.E.2d 849. There, as here, the trial court granted attorney fees as a sanction for the firm's failure to conduct a reasonable investigation on behalf of a motor vehicle accident defendant.

On appeal, we considered the trial court's ruling within the context of three factors: (1) whether the ruling was an informed one; (2) whether the ruling was based on valid reasons that fit the case; and (3) whether the ruling followed logically from the application of the reasons stated to the particular circumstances of the case. (*Liddle*, 251 Ill. App. 3d at 894, 623 N.E.2d at 851, citing *Kubiak v. City of*

*Kewanee* (1992), 228 Ill. App. 3d 605, 592 N.E.2d 1200.) In *Liddle*, it was apparent that a third-party complaint signed by John D. Moss and filed by Moss & Hillison on defendant's behalf was not the product of any consultation with the defendant. The pleading blatantly alleged a series of negligent acts that "did not even make sense in the context of how the accident occurred." Based on our analysis of the circumstances and applying the *Kubiak* factors, we concluded that the trial court's discretion was not abused in imposing attorney fees as a sanction for failure to conduct a reasonable investigation. *Liddle*, 251 Ill. App. 3d at 895, 623 N.E.2d at 852.

■■ In this case, we similarly conclude that the trial court did not abuse its discretion in imposing sanctions. Attorney John D. Moss signed generic answers to the complaints in both cases, generally denying the allegations or denying knowledge and demanding strict proof. There is no indication of record that anyone from Moss & Hillison consulted with Newburg or Papesh before filing the answers. Given the circumstances, the trial court was justified in concluding that Moss & Hillison was not acting in good faith when it filed its answers to plaintiff's complaints.

When the causes proceeded to trial, neither defendant appeared and no defenses were presented. Despite the attorney's denials of liability, there was no issue of liability at the jury trials. It thus appears that the trial court did not impose sanctions because a directed verdict on liability was granted in the Newburg case or because liability was admitted before any evidence was presented in the Papesh case, but because there was no excuse for going to trial and forcing the plaintiff and the judiciary to expend their resources when counsel for defendants had prepared no defenses. As argued by plaintiff, the facts overwhelmingly supported liability in both cases. Had a reasonable investigation been conducted by Moss & Hillison in advance of trial, it would have been obvious that, at best, only the amount of damages was arguable. Under the circumstances, the court was justified in ruling that defense counsel's insistence that the case proceed to trial was a waste of judicial time.

The record on appeal reveals that trial court's decision to impose sanctions in both cases was informed, based on valid reasons that fit the cases and followed logically from the particular circumstances of the two cases. The amount of fees—$150 in each case—is not an issue in dispute in this appeal. Accordingly, we affirm the awards of sanctions against Moss & Hillison.

■ Lastly, defendants contend that the trial court erred in refusing their jury verdict forms finding for defendants. Defendants theo-

rize that proximate causation remained at issue, and a jury's finding in their favor on that issue, despite a directed verdict for plaintiff on liability in Newburg and an admission of liability in Papesh, justified the proffered verdict forms. Suffice it to say, we find defendants' argument patently meritless. The legal concept of liability comprises negligence plus proximate causation, leaving only the amount of damages to be determined by the finder of fact.

Where liability is admitted or directed against an automobile negligence defendant, there is no issue of proximate causation to be determined by the finder of fact. (*Sourian v. Jones* (1953), 350 Ill. App. 365, 373, 112 N.E.2d 920, 924.) Moreover, having presented no defense whatsoever, and the issue of liability having been taken from the jury in both cases, defendants would have been hard-pressed to prevail solely on defense counsel's argument that plaintiff's evidence failed to prove "[a] reasonably close causal connection between [defendants'] conduct and [plaintiff's] resulting injury" (W. Keeton, Prosser & Keeton on Torts §30, at 165 (5th ed. 1984)). In sum, we hold that the trial court did not err in refusing defendants' verdict forms.

The judgment of the circuit court of Will County is affirmed.

Judgment affirmed.

SLATER, P.J., and BRESLIN, J., concur.