AIROLEN CAPITAL VENTURES, INC., Plaintiff-Appellant, v. CHRIS A. PETRI, Indiv., *et al.*, Defendants-Appellees (Glenda Petri, Defendant).

Second District    No. 2—93—0400

Opinion filed July 22, 1994.

Loren L. Heinemann, of Orland Park, for appellant.

No brief filed for appellees.

JUSTICE QUETSCH delivered the opinion of the court:

The plaintiff, Airolen Capital Ventures, Inc., appeals from the circuit's order reaffirming the imposition of sanctions in the form of attorney fees and costs for the plaintiff's failure to comply with Supreme Court Rule 137 (134 Ill. 2d R. 137). We reverse and remand with directions.

In January 1989, the plaintiff filed a two-count complaint for breach of contract and *quantum meruit* against the defendants, Chris A. Petri, Glenda Petri, and Kristel Corporation. On October 3, 1990, the trial court granted the plaintiff's motion for a voluntary dismissal.

On November 2, 1990, defendants Chris A. Petri and Kristel Corporation filed a motion for sanctions in the nature of attorney fees and costs pursuant to Supreme Court Rule 137 (134 Ill. 2d R. 137). The motion averred that the plaintiff's complaint was without foundation and was not well grounded in fact or in law. After a hearing on May 28, 1991, the trial court entered an order for

sanctions in the amount of $13,500 in favor of the movants and against the plaintiff. The order generally stated that there was a failure to comply with Supreme Court Rule 137. The trial court denied the plaintiff's motion to reconsider.

The plaintiff appealed to this court, and in an order entered on August 19, 1992, this court vacated as deficient the trial court's order imposing sanctions and remanded the cause for further proceedings so that the trial court could make specific factual findings in its order as required by Supreme Court Rule 137 (134 Ill. 2d R. 137). The defendants then filed a motion for the trial court to set forth factual findings in support of its original order. On March 4, 1993, the trial court entered an order reaffirming the imposition of sanctions which stated in relevant part:

> "A. The Plaintiff did not make an adequate and sufficient investigation into the facts prior to filing the complaint in this matter.
>
> B. The discovery matters and the Answers to the Request To Admit show there was no basis for the litigation to be brought.
>
> C. The requirements of Illinois Supreme Court Rule 137 were not met in this case."

The plaintiff filed a timely notice of appeal. On appeal, the plaintiff argues that the trial court abused its discretion in entering sanctions against it.

Although no appellee's brief has been submitted, we decide this appeal under the guidelines established in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128.

While the record may support the imposition of sanctions, we again find that the trial court's order imposing sanctions is deficient and therefore we are unable to address the merits of the appeal. We reverse the order imposing sanctions and remand the cause with directions for the circuit court to make more specific written factual findings to support the award of fees and costs as required by Supreme Court Rule 137 (134 Ill. 2d R. 137). See *North Shore Sign Co. v. Signature Design Group, Inc.* (1992), 237 Ill. App. 3d 782, 791-92; *In re Estate of Smith* (1990), 201 Ill. App. 3d 1005, 1010.

●1 Supreme Court Rule 137 states in relevant part:

> "Where a sanction is imposed under this rule, the judge shall set forth with specificity the reasons and basis of any sanction so imposed either in the judgment order itself or in a separate written order." 134 Ill. 2d R. 137.

As we explained in our prior order vacating the trial court's original order imposing sanctions, the specific factual basis of the trial court's decision is needed so that the reviewing court may determine:

(1) whether the circuit court's decision was an informed one; (2) whether the decision was based on valid reasons that fit the case; and (3) whether the decision followed logically from the application of the reasons stated to the particular circumstances of the case. *North Shore*, 237 Ill. App. 3d at 790-91; *Smith*, 201 Ill. App. 3d at 1009-10; accord *Bertuli v. Gaull* (1991), 215 Ill. App. 3d 603.

●2 It is with respect to the second and third rationales that both of the trial court's orders in the present case were deficient. In the second order, the trial court stated generally that "[t]he discovery matters and the Answers to the Request To Admit show there was no basis for the litigation to be brought." However, the court did not state what discovery matters or what answers to the request to admit show that there was no basis for the litigation to be brought, and the court did not state why those specific discovery matters and answers to the request to admit show that there was no basis for the litigation to be brought. Also, the court did not state its factual finding upon which it based its decision that an adequate investigation was not made into the facts before the filing of the complaint.

We realize that trial judges are very busy and that searching the record and setting forth the specific facts upon which they order sanctions imposes a burden on their time. However, this requirement was placed on the courts by Supreme Court Rule 137 to prevent the *ad hoc* rules of law that would result if courts of review were to enter their decisions without the benefit of the trial courts' explicit findings of fact. *North Shore*, 237 Ill. App. 3d at 791; *Smith*, 201 Ill. App. 3d at 1010.

For the foregoing reasons, we reverse the order of the circuit court of Du Page County imposing sanctions and remand this cause with directions for the circuit court to conduct such further hearing as is appropriate and to enter an order, if sanctions are again imposed, stating: (1) upon what discovery matters and answers to the request to admit the court based its decision that there was no basis for the litigation to be brought; (2) why those discovery matters and answers to the request to admit show that there was no basis for the litigation to be brought; and (3) upon what factual finding the court based its decision that an adequate investigation was not made prior to the filing of the complaint.

Order reversed; remanded with directions.

McLAREN and DOYLE, JJ., concur.