MARY M. KOCH, Plaintiff-Appellee, v. JORGE R. CARMONA, Defendant (Moss and Hillison, Appellant).

Second District   No. 2—93—1147

Opinion filed December 15, 1994.

Gregory R. Spelson, of Moss, Hillison & Mordini, of Chicago, for appellant.

Nancy S. Miller and Robert E. Jones, both of Greene, Jones, Brisske & Rice, of Wheaton, and Robert G. Black, of Collins & Black, of Naperville, for appellee.

JUSTICE BOWMAN delivered the opinion of the court:

Defendant's counsel, the law firm of Moss & Hillison, appeals from an order (1) assessing against it a sanction of $5,000 in attorney fees pursuant to Supreme Court Rule 137 (134 Ill. 2d R. 137); and (2) finding its notice to plaintiff of a petition for substitution of judges improper under section 2—1001(b) of the Code of Civil Procedure (735 ILCS 5/2—1001(b)). We affirm.

The following procedural history and summary of facts is taken from the record. The instant action originated when plaintiff, Mary Bretting, formerly known as Mary Koch, filed suit against defendant, Jorge Carmona, for injuries allegedly arising from a December 7, 1989, automobile accident. Plaintiff's complaint alleged her car was struck from behind by a second automobile while she was stopped near an intersection. According to the complaint, the second automobile was itself struck from the rear by a pickup truck driven by defendant.

The law firm of Moss & Hillison entered an appearance and jury demand on defendant's behalf. The answer, signed by attorney John D. Moss, of Moss & Hillison, admitted contact between defendant's truck and the automobile in front of him, but denied all allegations of defendant's negligence.

The case proceeded to trial. In her case in chief, plaintiff presented her own testimony as well as that of her treating physician, the driver of the second automobile, and a police officer who responded to the scene. Although defendant himself did not appear for trial, Moss & Hillison continued to defend the claim in his absence. Defendant's case in chief consisted of calling plaintiff to testify as an adverse witness.

At the close of all the evidence, the trial court directed a verdict for plaintiff on the issue of defendant's negligence. The issues of proximate cause and damages were submitted to the jury, which, on March 30, 1992, returned a verdict for plaintiff in the amount of $4,663.95. On April 22, 1992, plaintiff moved for a new trial on the issue of damages only, arguing that defense counsel's conduct at trial was so improper that it deprived her of a fair trial. In an order dated August 12, 1992, Judge Robert Kilander granted the motion, finding that "this conduct on the part of Defense counsel was done in a calculated and intentional manner designed to deny the Plaintiff a fair trial." In addition, the August 12, 1992, order found that the answer filed by Moss & Hillison denying defendant's negligence was in violation of Supreme Court Rule 137 because it was not based upon a reasonable inquiry and was not well grounded in fact.

A hearing to determine attorney fees and costs was held on September 15, 1992, at which John D. Moss appeared on behalf of Moss & Hillison. Moss argued that the August 12, 1992, order did not indicate an evidentiary hearing would be held on the propriety of Rule 137 sanctions. The trial court conceded that the order as written was unclear and stated: "I'll give you a couple of weeks if you wish to make a presentation, and we'll set it for subsequent hearing." The written order entered by the trial court on September 15, 1992, directed Moss & Hillison to file a response to plaintiff's affidavit for fees and costs by September 29, 1992, and set a hearing date of November 3, 1992.

On September 16, 1992, Moss & Hillison filed a petition for substitution of judge (at that time termed a petition for change of venue), in which it argued it was entitled to a hearing on the sanctions issue. The petition did not address the merits of sanctions under Rule 137 or include facts indicating whether John Moss had conducted a reasonable investigation prior to filing the answer. The record does not contain any other documents filed within the two-week time frame set by the September 15, 1992, order and there is no indication in the record that a hearing was held as scheduled on November 3, 1992. The next order entered, dated December 1, 1992, shows Moss & Hillison attempted to present its substitution of judge

petition, but the court refused to hear it due to improper notice to plaintiff and the court. The substitution of judge petition was ultimately heard and denied on January 7, 1993, by another judge sitting in Judge Kilander's absence.

The case proceeded to a retrial on damages only and, on April 6, 1993, the jury returned a verdict for plaintiff for $12,446.34. On July 1, 1993, the court entered an order setting a hearing date on plaintiff's motion for fees and costs and directing Moss & Hillison to "file any response thereto." Moss & Hillison filed a response, attaching the previously denied petition for substitution of judge and an unsigned document entitled "Motion to Reconsider," which urged reconsideration of the August 12, 1992, order. Although labeled as an exhibit, this motion to reconsider does not appear anywhere previously in the record.

On August 18, 1993, the court held a hearing at which Moss & Hillison argued it had never been given an opportunity to respond to the merits of the sanctions award. The court continued the matter until September 1, 1993, so that it could review the file and determine whether Moss & Hillison had indeed been given a prior opportunity to argue the merits of the sanctions issue and, if so, whether it had waived its right to do so again.

At the September 1, 1993, hearing, the court recapitulated the chronology of the Rule 137 sanctions issue in this case. The court stated that during the September 15, 1992, hearing it had invited Moss & Hillison to file an opposition to the sanctions if it so desired. According to the court, Moss & Hillison had failed to do so, leading the court to reserve the issue of sanctions until after the retrial. The court further stated that Moss & Hillison had been given a second opportunity to file an opposition to the sanctions award on July 1, 1993, and that it had again failed to do so. The court concluded:

> "I find that you have waived your right to object to the position presented, that being that you had—you did not undertake proper investigation pursuant to Rule 137."

Also at the September 1, 1993, hearing, Moss & Hillison presented to the court a third petition for substitution of judge. This petition had been sent by facsimile to plaintiff's counsel at approximately 8:30 a.m. the previous morning. The trial court found this notice to be improper under section 2—1001(b) of the Code of Civil Procedure (735 ILCS 5/2—1001(b) (West Supp. 1993)) and declined to consider the petition. The trial court ordered attorney fees assessed against Moss & Hillison in the amount of $5,000 and this appeal followed.

On appeal, Moss & Hillison contends (1) the trial court's order

imposing sanctions lacked the specificity required by Supreme Court Rule 137; (2) the trial court's finding that Moss & Hillison waived its right to a hearing on the propriety of the sanctions was erroneous; (3) the trial court abused its discretion in imposing the sanctions; and (4) the trial court abused its discretion in finding improper the notice given by Moss & Hillison for its third petition for substitution of judge.

■ Moss & Hillison's first contention is that the order entered on August 12, 1992, fails to state sufficiently the factual basis and reasons for the imposition of sanctions and, therefore, does not meet the requirements of Supreme Court Rule 137. In response, plaintiff maintains the trial court's findings are sufficiently specific under the circumstances. Rule 137 provides:

"Where a sanction is imposed under this rule, the judge shall set forth with specificity the reasons and basis of any sanction so imposed either in the judgment order itself or in a separate written order." 134 Ill. 2d R. 137.

This requirement has been interpreted to require trial courts to make explicit factual findings as to the reasons for the imposition of sanctions. (*Bertuli v. Gaull* (1991), 215 Ill. App. 3d 603, 605.) The specific factual basis of the court's decision is needed so that the reviewing court may determine whether: (1) the circuit court's decision was an informed one; (2) the decision was based on valid reasons that fit the case; and (3) the decision followed logically from the application of the reasons stated to the particular circumstances of the case. (*North Shore Sign Co. v. Signature Design Group, Inc.* (1992), 237 Ill. App. 3d 782, 790-91; *In re Estate of Smith* (1990), 201 Ill. App. 3d 1005, 1009-10.) Merely reciting the language of the rule is insufficient to satisfy the requirement of specificity. *Bertuli*, 215 Ill. App. 3d at 605.

Moss & Hillison argues that the trial court's order imposing sanctions does no more than recite the language of the rule and is, therefore, deficient. It contends the order found insufficient in *Bertuli* is essentially identical to the order in the present case. In *Bertuli*, the order at issue stated:

"Now, having considered all relevant matters, the court FINDS that the Plaintiffs' Motion to Reconsider was not well ground [*sic*] in fact and warranted by existing law or a good faith argument for the extension, modification or reversal of existing law. The Court FURTHER FINDS that the Motion to Reconsider was brought to harass and needlessly increase the costs of litigation for the Defendants." (*Bertuli*, 215 Ill. App. 3d at 605.)

In the present case, the order states:

"FURTHER, THE COURT HAS REVIEWED the file and notes that the answer filed January 18, 1991 by the defendant and signed by John D. Moss, an attorney for the law firm of Moss & Hillison, denied negligence on the part of the defendant in connection with the rear-end collision rise to this suit.

UPON HEARING ALL THE EVIDENCE in this trial, and noting that the Court directed the jury on the issue of liability at the close of this [*sic*] Plaintiff's case, the Court finds the answer filed herein on January 18, 1991 to be in violation of Supreme Court Rule 137.

Because of the complete lack of any evidence during the trial of this case in support of this denial contained in this Defendant's answer, the Court finds said pleading was not based upon a reasonable inquiry and was not well grounded in fact. For that reason, attorneys' fees and costs are hereby assessed against John D. Moss, the attorney who signed that answer."

■ Unlike the order found insufficient in *Bertuli*, the order in the present case does more than merely recite the language of the rule in its *ratio decidendi*. It explicitly states the basis for its finding a violation of Rule 137: Moss & Hillison's failure to introduce any evidence at trial in support of the denial of negligence contained in its answer. The order makes explicit reference to defendant's complete lack of evidence and states that the failure to present any defense, viewed in light of the history of the case, shows that no adequate investigation was conducted prior to filing the answer. Thus, *Bertuli* is distinguishable because the order in the present case, unlike the one at issue there, sets forth a factual basis, contained in the record, for its finding.

Also distinguishable is the recent decision in *Airolen Capital Ventures, Inc. v. Petri* (1994), 265 Ill. App. 3d 80, 637 N.E.2d 1256. In *Airolen*, the defendant moved for Rule 137 sanctions based on discovery violations after the plaintiff was granted a motion for voluntary dismissal of its complaint. This court reviewed the order imposing sanctions and concluded it did not state a sufficient factual basis for the award. The order at issue in *Airolen* provided:

"A. The Plaintiff did not make an adequate and sufficient investigation into the facts prior to filing the complaint in this matter.

B. The discovery matters and the Answers to the Request To Admit show there was no basis for the litigation to be brought.

C. The requirements of Illinois Supreme Court Rule 137 were not met in this case." *Airolen*, 265 Ill. App. 3d at 82, 637 N.E.2d at 1257.

Unlike the *Airolen* court, where the case was dismissed prior to

trial and the sanctions were based only on discovery violations, the court in the instant case had the benefit of being present throughout the trial. It is clear from the order that the trial judge's decision to impose sanctions was informed by his observations at the trial. The trial judge took note of all the evidence admitted and observed the conduct of defense counsel at trial. Based on these observations, he stated that defendant's failure to introduce any evidence in support of his denial of negligence demonstrated the denial of negligence was, at the time the answer was filed, not based upon a reasonable inquiry. The trial court's order, in fact, indicates the decision to impose sanctions was reached only after hearing all of the evidence, observing the conduct of defense counsel at trial, and reviewing the case file.

In this respect, the present case is similar to *Bank of Homewood v. Chapman* (1993), 257 Ill. App. 3d 337. There, the court relied upon its review of the file before it and its knowledge of the case to conclude the defendants had filed frivolous pleadings. In affirming the imposition of sanctions, the appellate court stated:

> "[T]he trial court articulated its reasons for imposing sanctions upon defendants *** with sufficient specificity. The trial court based its findings with respect to both defendants upon their testimony, various documents and pleadings and its thorough review of all matters contained within the record. Accordingly, the *** sanction order will not be disturbed." (*Bank of Homewood*, 257 Ill. App. 3d at 350.)

Like the court in *Homewood*, the trial court in the instant case listened to all the trial evidence, conducted a thorough review of all matters contained in the record, and concluded the answer was filed without an adequate investigation. We therefore find the order imposing sanctions to be sufficiently specific to meet the requirements of Rule 137.

■ Moss & Hillison next argues the order imposing sanctions should be reversed because the trial court did not conduct an evidentiary hearing on the propriety of sanctions under Rule 137. Moss & Hillison correctly notes that, as a general rule, parties faced with Rule 137 sanctions should be granted a hearing to determine if sanctions are warranted. (*In re Estate of Baker* (1993), 242 Ill. App. 3d 684, 687; *North Shore*, 237 Ill. App. 3d at 790. But see *Singer v. Brookman* (1991), 217 Ill. App. 3d 870, 880 ("there is a line of cases which permits courts to dispense with a hearing where it is apparent from the pleadings that the assertions were made without reasonable cause and found to be untrue").) We agree, however, with the trial court's conclusion that Moss & Hillison was afforded the opportunity

of a hearing to dispute the propriety of sanctions under Rule 137, but that it failed to avail itself of this opportunity, resulting in waiver.

The trial court's August 12, 1992, order granting a new trial found that Moss & Hillison had violated Rule 137 and ordered a hearing for September 15, 1992, "to establish reasonable attorneys' fees and costs to be assessed." At this hearing, attorney John Moss complained that the August 12, 1992, order only spoke to the amount of sanctions to be awarded and said nothing about a hearing on the merits of sanctions under Rule 137. The court conceded that the order was "worded less artfully than it could have been" and offered to allow Moss "a couple of weeks if you wish to make a presentation." The court then ordered Moss to file an opposition to the award of sanctions on or before September 29, 1992, and set a hearing for November 3, 1992. The only filing made by Moss & Hillison during the time allotted was a petition for substitution of judge which raised only the lack of a hearing and did not address the merits of the sanctions issue. The record is silent as to what, if anything, occurred on November 3, 1992. An order dated December 1, 1992, indicates Moss & Hillison presented another petition for substitution of judge, but that it was not heard due to improper notice.

On June 25, 1993, following the retrial on damages, plaintiff filed a petition for fees and costs. On July 1, 1993, the court held a hearing on plaintiff's petition. Although no court reporter was present, the trial judge later recalled that Moss & Hillison was, at that time, again given leave to file an opposition to the award of sanctions. On July 6, 1993, Moss & Hillison responded to the petition for fees and costs, but again failed to address the merits of the Rule 137 sanctions. Instead, it renewed its assertion that it was entitled to a hearing on the issue of sanctions. Finally, on September 1, 1993, the trial court concluded Moss & Hillison had on numerous occasions failed to respond to the merits of the award of sanctions and had therefore waived its right to do so.

Our thorough review of the record indicates Moss & Hillison was indeed given ample opportunity to make a presentation in opposition to the award of Rule 137 sanctions, but failed to avail itself of this opportunity. The original order granting sanctions was entered on August 12, 1992; the trial court did not find a waiver of the right to a hearing until September 1, 1993. During the intervening period, it was incumbent upon Moss & Hillison to present a substantive opposition to the sanctions award, or, if it was unsure as to exactly what the court had ordered it to do, request a clarification. Having failed for over a year to present any factual matter demonstrating that the imposition of sanctions was improper, Moss & Hillison

cannot now be heard to complain that it was denied the opportunity to respond.

■ Moss & Hillison next contends the trial court's decision to award sanctions was an abuse of discretion. We disagree. Supreme Court Rule 137 allows a court to impose sanctions against a party or attorney who files a pleading which is not well grounded in fact, is not warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, or is interposed for any improper purpose. (134 Ill. 2d R. 137.) The standard for evaluating a party's conduct under this rule is one of reasonableness under the circumstances existing at the time of the filing. (*Bennett & Kahnweiler, Inc. v. American National Bank & Trust Co.* (1993), 256 Ill. App. 3d 1002, 1007.) The determination of whether to impose sanctions rests within the sound discretion of the trial court, whose decision is entitled to great weight and will not be disturbed on review absent an abuse of discretion. *In re Estate of Wernick* (1989), 127 Ill. 2d 61, 77-78; *Bennett*, 256 Ill. App. 3d at 1007.

■ After carefully reviewing the record, it is clear to this court, as it was to the trial court, that Moss & Hillison proceeded to trial on the misguided hope that plaintiff would not be able to prove her case rather than on the knowledge or belief that its denial of defendant's negligence was well grounded in fact. The facts of the instant case bear a striking resemblance to those in *Hernandez v. Williams* (1994), 258 Ill. App. 3d 318, where Moss & Hillison was similarly sanctioned for denying the allegations of a plaintiff's complaint without a good-faith basis for doing so.

In *Hernandez*, Moss & Hillison denied liability on the part of its absent client but presented no evidence at trial in support of the denial, resulting in a directed verdict for the plaintiff. The conduct of Moss & Hillison during trial alerted the trial court to the possibility of a Rule 137 violation. Following the trial, the judge conducted his own inquiry to determine whether Moss & Hillison had reasonably investigated the factual basis for its denial of the plaintiff's allegations. When it refused to inform the court of the steps taken to investigate, the trial judge determined that this refusal circumstantially demonstrated the absence of a reasonable inquiry. The appellate court found the trial judge's actions appropriate and affirmed the award of sanctions.

Similarly, in another case upholding Rule 137 sanctions against Moss & Hillison, the appellate court noted that firm's ongoing practice of filing pleadings without conducting an adequate investigation. (*Malone v. Papesh* (1994), 255 Ill. App. 3d 910, 914.) When the claims at issue in *Malone* proceeded to trial, Moss & Hillison's clients

did not appear and no defenses were presented. Despite Moss & Hillison's denials of liability, the court found there was no genuine issue of liability at trial. (*Malone*, 255 Ill. App. 3d at 915.) In upholding the award of sanctions, the court stated:

> "[T]here was no excuse for going to trial and forcing the plaintiff and the judiciary to expend their resources when counsel for defendants had prepared no defenses. *** Had a reasonable investigation been conducted by Moss & Hillison in advance of trial, it would have been obvious that, at best, only the amount of damages was arguable. Under the circumstances, the court was justified in ruling that defense counsel's insistence that the case proceed to trial was a waste of judicial time." *Malone*, 255 Ill. App. 3d at 915.

By its actions in this case, Moss & Hillison has breached its duty to the legal system by taking the time of the judge and jury away from matters truly in need of resolution. We are forced to echo the statements made by numerous other panels of the appellate court and remind Moss & Hillison that an attorney is not entitled to file a pleading denying the existence of negligence on the part of his client in the unfounded hope that some evidence supporting his denial might surface at trial. (See *Liddle v. Cepeda* (1993), 251 Ill. App. 3d 892, 895.) The decision to impose sanctions against Moss & Hillison was an informed one based on valid reasons that logically fit the case. We find no abuse of discretion by the trial court.

■ Moss & Hillison's final contention is that the trial court abused its discretion in ruling improper the notice to plaintiff of Moss & Hillison's third petition for substitution of judge under section 2—1001 of the Code of Civil Procedure. (735 ILCS 5/2—1001 (West Supp. 1993).) Moss & Hillison provided plaintiff notice of its third petition for substitution of judge by facsimile sent at approximately 8:30 a.m. on August 31, 1993, the day before the petition was to be presented in court. At the hearing the next day, plaintiff objected, contending the notice was unreasonable under section 2—1001(b), which provides:

> "An application for substitution of judge may be made to the court in which the case is pending, reasonable notice of the application having been given to the adverse party or his or her attorney." 735 ILCS 5/2—1001(b) (West Supp. 1993).

It is well settled that a trial court may deny a motion for substitution of judge if reasonable notice has not been given to the adverse party. (*Weisberg v. Pickens* (1989), 193 Ill. App. 3d 558, 561.) What constitutes reasonable notice depends on the facts and circumstances of each case, and a trial judge's determination as to the suffi-

ciency of notice will not be disturbed absent an abuse of discretion. (*Weisberg*, 193 Ill. App. 3d at 561; *Intini v. Schwartz* (1979), 78 Ill. App. 3d 575, 578.) In the instant case, the trial court ruled that notice given approximately 24 hours prior to the time the petition for substitution of judge was presented to the court was unreasonable under the circumstances. This ruling is consistent with prior cases addressing this issue.

In *Buckingham Corp. v. Modern Liquors, Inc.* (1973), 16 Ill. App. 3d 534, the defendant delivered to the plaintiff notice of motion and a petition for substitution of judge (then termed change of venue) at 3:50 p.m., on April 26, 1972. The following morning, at 10 a.m., the defendant presented the petition to the court. The judge found that the notice was unreasonable and denied the motion. The appellate court affirmed. *Buckingham*, 16 Ill. App. 3d at 537, quoting *Hutson v. Wood* (1914), 263 Ill. 376 (holding notice unreasonable where it was served the afternoon of the day before the presentation of the petition to the court).

Although the approximately 24 hours' notice given in the instant case is longer than the notice given in *Buckingham* (approximately 18 hours), in view of the broad discretion given trial courts in this area, we find no error in the court's ruling that notice was unreasonable.

For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

DOYLE and COLWELL, JJ., concur.